### FLANDERS vs. TRAIN and another.

F entered land in the name of W, under an agreement by which W was to furnish him with land warrants to enter lands, and the profits of the business were to be divided between them. Afterwards T agreed with F to cut the growing timber, and gather up the logs already cut on said land, and deliver one half of them to F, retaining the remainder for his services. T cut and gathered the logs and removed them from the land, but delivered none to F. Subsequently W executed a quit claim deed of the land to F. *Held*, in an action by F against T, that F at the time of making the contract with T, had such an interest in the timber growing and the logs lying on said land, as enabled him to make a valid contract for their removal; and that he was entitled to recover for a breach of said contract.

The giving of an erroneous instruction, is no ground for reversing the judgment, if it appears that the instruction, was, upon the facts of the case, immaterial, and could not prejudice the appellant.

Instructions may properly be refused which are not pertinent to the case.

APPEAL from the Circuit Court for *Sauk* County.

The nature of this action is stated in the opinion of the court. The instructions referred to, as asked by the defendants and refused by the circuit court, were as follows: "1. In all cases of breach of contract, if the party injured can protect himself from damage at a trifling expense, or any reasonable exertion, he is bound to do so; he can charge the delinquent party only for such damages as, by reasonable endeavor and expense, he could not prevent. 2. In case of breach of contract to perform work, where nothing has been paid, the measure of damages is the difference between what

it would cost to get the work done, and what was agreed to
be paid for it.   3. In case a party is sued for the non-per-
formance of a contract for the performance of labor, and the
party so sued has done labor enough under the contract to
exceed in benefit to the plaintiff the damages he has sus-
tained by such breach, and the plaintiff, after such breach,
accepts of the avails of such labor, when they were of such
a nature that he might have rejected them, the defendant is
entitled to recover such excess.   6. If the plaintiff, as agent
for another, purchased the lands on which the logs were cut,
for such other person in such other person's name, with funds
provided by the third person aforesaid, under instructions to
sell the lands on time for such other person, and the plaintiff
to receive one-third or one-half of the net profits of the trans-
action, and this was all the claim the plaintiff had in or to
the lands and timber or trees thereon; it was not such title
or authority on the part of the plaintiff as authorized him to
remove or cause to be removed from the lands the timber
thereon standing or lying." Which last instruction the court
gave with the following qualification:   "If in this case you
find the parties made the contract as stated in the plaintiff's
complaint, and the defendants removed the logs in question,
according to such contract, to be run to Baraboo, and after-
wards so failed to perform the contract on the ground and
for the reason that the plaintiff had no such interest in the
land as to authorize him to cause the timber to be removed,
and you should find the plaintiff had no such interest in the
land as to then authorize the removal of the timber, then
the plaintiff cannot recover in this suit; but, if you find
that the defendants did not perform, not on the ground and
for the reason that the plaintiff had no right to remove
timber from the land, but for some other reason, then the
question of the plaintiff's right to the timber on the land is
not so material; any proof of any general right or control of
the land might be sufficient to entitle him to recover, if he
has sustained his complaint in other respects; and the meas-
ure of damages is the value of the logs that should have
been delivered at Baraboo, but were not."

Verdict and judgment for the plaintiff.

January Term,
1861.

FLANDERS
v.
TRAIN et al.

*C. C. Remington*, for appellants, argued that the logs were the property of Webb, who owned the land when they were taken, and the defendants were liable to Webb, and not to the plaintiff; and that the motive of the defendants in not fulfilling their agreement did not affect their liability. 2 Parsons on Con., 444; *Ecker vs. Moore*, 2 Chand., 85; Sedgwick on Meas. of Dam., 204–8.

*Finches, Lynde & Miller*, for respondent, insisted that *Flanders*, having an equitable title to an undivided interest in the lands, and having afterwards acquired the fee, was entitled to recover. He was bound to warrant the title to the logs which the defendants were to receive in payment for the services. *Defreeze vs. Trumper*, 1 Johns., 274; *Heermance vs. Vernoy*, 6 id., 5; *Dresser vs. Ainsworth*, 9 Barb., 619; *Charnley vs. Dulles*, 8 Watts & Serg., 353; *Chandler vs. Wiggins*, 4 B. Monr., 201. 2. He was a trustee for Webb within the meaning of sec. 14, chap. 122, R. S. *Grinnell vs. Schmidt*, 2 Sandf. (S. C.), 706; *Minturn vs. Main*, 3 Seld., 220; *Bogart vs. O'Regan*, 1 E. D. Smith, 590. 3. He was at least an agent for Webb, and having made the contract in his own name, could sue in his own name. *Sims vs. Bond*, 5 B. & Ad., 393; 2 Smith's Lead. C., 371.

April 10.

*By the Court*, COLE, J. Upon examining the record in this case, we can discern no error in the proceedings which we think could have prejudiced the appellants. The action was brought to recover damages for the non-performance of a contract entered into between the parties, by which the appellants were to enter upon the premises mentioned in the complaint, gather up saw logs already cut thereon; cut new logs; receive a portion of the logs as compensation for their services, and deliver the remainder of the logs at the respondent's saw mill at Baraboo. The appellants cut and removed several hundred logs from the premises, but never delivered any of them to the respondent. He therefore brought his action upon the contract.

An objection is taken that the action cannot be sustained for the reason that at the time the logs were cut and removed from the land, the legal title of the real estate was not in the

respondent. The lands were originally entered by the re-
spondent, in the name of one Webb, with a certificate or
land warrant. It appears that there was an agreement be-
tween the respondent and Webb, by which the latter was to
furnish the former land warrants to enter lands, and the
profits of the business and the lands were to be divided be-
tween them in certain proportions. The contract between
the parties to this suit, about cutting and removing the logs,
was made in December, 1854, and the following August the
land was conveyed to the respondent by Webb. Under
these circumstances it is very clear that the respondent had
an equitable title to an undivided interest in the lands,
which equitable title was afterwards made absolute by a
conveyance of a legal title of the entire premises. And we
think it obvious that the respondent had such an interest, as
well in the timber growing upon the lands, as in the logs
then cut upon them, as would authorize him to make a valid
contract of the nature of the one made with the appellants.
It certainly does not lie in their mouth—after having cut
and removed the timber in pursuance of this contract—to
object that the legal title was not in the respondent, or to
raise a question as to whether some portion of the proceeds
of the timber and logs should not go to Webb. This is a
matter which does not concern them. They were not made
the guardians of his rights; and for aught which appears in
the case, Webb himself may have fully approved of this con-
tract, and relinquished all interest in the subject matter of
the suit.

It is insisted that the circuit court erred in refusing to give
the first three instructions asked on the part of the appel-
lants. But these instructions, however correct as abstract
propositions of law, were clearly inapplicable to the facts of
the case, and were therefore very properly refused. Here
all the testimony showed that the logs and timber taken
from the land by the appellants, had been disposed of, or
were entirely lost through their neglect. The respondent
could not, therefore, protect himself from damage at a trifl-
ing expense, or by reasonable diligence, as the first instruc-
tion assumes.

January Term,
1861.

Equally clear is it that the case is not at all analogous to one where there has been a contract to perform work, where nothing has been paid upon the contract. The appellants agreed to cut and remove certain timber and saw logs, and to deliver a certain portion of them to the respondent. They cut and removed the logs and disposed of them elsewhere.

This observation upon the second instruction is alone sufficient to show that the third was likewise entirely inapplicable. The respondent had not in any manner derived any benefit from what the appellants had done under the contract. They had removed the timber from the land and converted it to their own use, greatly to his injury.

The fourth and fifth instructions were given as asked.

The sixth instruction was given with a qualification, which, it is contended, is erroneous. Granting that it was erroneous for the court to say, that the reason which the appellants had for not fulfilling the contract might in some way affect their liability, still this was immaterial to the facts of the case, and could not have prejudiced the appellants.

The judgment of the circuit court is affirmed.

